Appeal by both general and special employers and their insurance carriers from a decision of the Workmen’s Compensation Board apportioning an award of compensation equally against the employers. Claimant was a student nurse in the general employ of Charles S. Wilson Memorial Hospital at Johnson City, N. Y. In order to obtain training in tuberculosis nursing claimant took a course of eight weeks’ training at the Herman M. Biggs Memorial Hospital at Ithaca, N. Y., under a contract between the two institutions. Claimant’s course at Ithaca would normally have been completed on July 29, 1946, but by working overtime she had earned two days off and thus completed *803 her course on July 27, 1946, and on that day at 11:00 a.m., she was released by that institution from all further duties and was given the remainder of that day off and left the premises of Biggs with all her belongings. Enroute to Johnson City with her father in his car at about 4:00 p.m., a stone was projected through the windshield causing claimant's undisputed injuries for which the award was made. By previous arrangement with Wilson, claimant’s vacation was scheduled to start on July 29,1946, and it is the contention of both appellants, that having earned two extra days, she was on vacation or free time and outside the course of her employment when she was injured. Claimant testified that she was at the time enroute to Wilson pursuant to instructions and in accordance with promulgated rules of that institution to report and “ sign out ” for her vacation before she became released from duty. The evidence presents a question of fact as to whether the accident arose .out of and in the course of her employment by Wilson. The cases of Matter of Smith v. Parkehester Gen. Hosp. (293 N. Y. 824) and Matter of Weir v. Board of Education (282 N. Y. 709) are distinguishable because the claimant in each of these cases was enroute either to or from home on free time. Here there is evidence from which the board could find that the claimant was enroute between two workplaces, as required by her general employer. There is no evidence, however, to justify apportioning half of the award hgainst Biggs. Whether it be called “ travel time ” or not, it is undisputed that claimant had been finally and completely released by Biggs from all further employment or duty at 11:00 a.m., on July 27, 1946. There is no evidence that Biggs was in any way responsible for or connected with claimant’s transportation or concerned about her destination. She became completely separated from her special employment there the moment she was released and left the premises. The termination of the employer-employee relationship was immediately as effective as though she had resigned or been discharged. Award and decision of the Workmen’s Compensation Board reversed on the law and dismissed insofar as it assesses 50% of said award against Herman M. Biggs Memorial Hospital, and the entire award assessed against Charles S. Wilson Memorial Hospital, and as so modified, the award and decision are affirmed, without costs. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.